IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYE PRECISION LLC, | |
| Plaintiff, | Case No. 24-cv-06806 |
| v. | **Judge April M. Perry** |
| A123ISKOMTN1AA, et al., | **Magistrate Judge Maria Valdez** |
| Defendants. | |

**PLAINTIFF'S MOTION TO STAY AND COMPEL**

Plaintiff Crye Precision LLC ("Plaintiff" or "Crye Precision") moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to stay the briefing schedule in Minute Entry [82] and compel Defendants to respond fully to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, Plaintiff's First Set of Requests for the Production of Documents and Things, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

**BACKGROUND AND LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION**

Defendants operate e-commerce stores on the online marketplace platforms hosted by eBay Inc. ("eBay"), Amazon.com, Inc. ("Amazon"), Wish US Holdings LLC ("Wish.com"), Walmart Inc. ("Walmart"), and DHgate.com ("DHgate") (collectively, the "Online Marketplace Platforms"), where they advertised, offered for sale, and sold unauthorized products that infringe Plaintiff's registered trademarks (the "CRYE PRECISION Trademarks"). *See* Declaration of Andrew D. Burnham (the "Burnham Decl.") at ¶ 2. On August 9, 2024, this Court entered a Temporary Restraining Order (the "TRO") [22], which authorized Plaintiff to issue expedited written discovery to Defendants via e-mail, with Defendants' responses due within three

business days. [22] at ¶ 6. On August 19, 2024, Plaintiff served its First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production (collectively, "Plaintiff's Discovery Requests") on Defendants. *See* Burnham Decl. at ¶ 3. The response deadline to Plaintiff's Discovery Requests elapsed on August 22, 2024, and Defendants failed to timely respond or produce any responsive documents. *See id.*

On December 23, 2024, the Court entered a Minute Entry directing Plaintiff to provide a supplemental brief in support of its Motion for Entry of Default and Default Judgement [62]. *See* [82]. Specifically, Plaintiff was instructed to provide information "including the size and scope of the defendant's operations, the price range of the counterfeited products sold, and any other information that supports the sought statutory damages award." *Id.*

On December 27, 2024, Plaintiff served Defendants via e-mail and electronic publication to a website with notice of their failure to respond to Plaintiff's Discovery Requests and scheduled a Local Rule 37.2 meet-and-confer teleconference for Monday, December 30, 2024. Burnham Decl. at ¶ 3. Defendants were instructed to e-mail Plaintiff's counsel to receive the electronic invitation to the teleconference meeting. *Id.* Plaintiff's counsel did not receive a response from any Defendant regarding the Local Rule 37.2 meet-and-confer teleconference or any other indication that any Defendant planned to attend the December 30, 2024, meet-and-confer teleconference. *Id.*

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the parties failing to act in an effort to obtain the responses without court action.

## ARGUMENT

**I. Legal Standard**

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

**II. Defendants Should Be Required to Provide Complete Responses to Plaintiff's Discovery Requests**

Despite having ample time and opportunity, Defendants have refused to produce any written responses and documents to Plaintiff's Discovery Requests. The Online Marketplace Platforms did not all provide Plaintiff with infringing product revenue. *See* Burnham Decl. at ¶ 5. Other Online Marketplace Platforms only provided limited revenue figures for a single product having a unique product identification number. *Id.* Either way, Plaintiff cannot determine the Defendants' sales of infringing products, and this information (and other information listed by [82]) is solely within Defendants' possession. Plaintiff's Discovery Requests include numerous requests for information and documentation that is necessary for Plaintiff to ascertain the size and scope of Defendants' sales of infringing products and provide a supplemental brief as ordered in Minute Entry [82]. *See* Burnham Decl., Exhibit 1 at 2-3, 13, 19-20.

Defendants have not, for example, performed a search to determine how many total infringing products were sold on Defendants' e-commerce stores or on any of the other e-commerce stores that Defendants may operate. Likewise, it is unknown whether Defendants have other infringing listings that were no longer active at the time Plaintiff learned of Defendants' infringement. Defendants have not turned over images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing. It is not unreasonably burdensome for Defendants to perform a search and provide information and documentation regarding products that were listed for sale on their Alibaba stores. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data). Defendants also failed to produce any "documentary proof that particular assets are not the proceeds of counterfeiting activities." *Delta Tech. Dev. LLC v. Bigjoys & Seasonblows.com*, 2024 U.S. Dist. LEXIS 142805, at *16 (N.D. Ill. Aug. 12, 2024).

Defendants have also not indicated that any of Plaintiff's Discovery Requests are improper, not proportional to the needs of this case, or otherwise objectionable.[1] The Court should not permit Defendants to disregard their discovery obligations. Accordingly, the Court

---

[1] Because Defendants did not timely assert objections to Plaintiff's discovery requests, this resulted in a waiver of all objections that could have been asserted. *See Autotech Techs., Ltd. P'ship v. AutomationDirect.Com, Inc*., 236 F.R.D. 396, 398 (N.D. Ill. 2006). Under Fed. R. Civ. P. 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Similarly, untimely objections to requests for production are also waived. *See VYSE Gelatin Company v. Hicks*, 2019 WL 13084200, at *1 (N.D. Ill. June 3, 2019).

should stay the briefing schedule in Minute Entry [82] and compel Defendants to respond to Plaintiff's Discovery Requests.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court stay the briefing schedule in Minute Entry [82] and compel Defendants to respond to Plaintiff's Discovery Requests to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

Dated this 8th day of January 2025.	Respectfully submitted,

/s/ Andrew D. Burnham
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Crye Precision LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit A hereto that includes a link to said website.

/s/ Andrew D. Burnham
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Crye Precision LLC*