IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYE PRECISION LLC, | |
| Plaintiff, | Case No. 24-cv-06806 |
| v. | **Judge April M. Perry** |
| A123ISKOMTN1AA, et al., | **Magistrate Judge Maria Valdez** |
| Defendants. | |

**Declaration of Justin R. Gaudio**

**DECLARATION OF JUSTIN R. GAUDIO**

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Crye Precision LLC ("Plaintiff" or "Crye Precision"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. On January 15, 2025, Defendants were served with the Order [88] compelling responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production ("Plaintiff's Discovery Requests"). Defendants failed to timely respond or produce any responsive documents.

3. I, or someone acting under my direction, created a table compiling information available to Plaintiff, available in the record, and previously filed as Exhibit 2 [17] to the Declaration of Jonathan E. Antone. Attached hereto as **Exhibit 1** is a true and accurate copy of the chart.

4. Attached hereto as **Exhibit 2** is comprehensive screenshot evidence regarding each of Defaulting Defendants.

5. In my experience in combating online counterfeiting over the last ten years, e-commerce store operators like Defaulting Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

6. In this case, the online marketplace platform DHgate.com ("DHgate") did not provide Plaintiff with any information about infringing product revenue. eBay Inc. ("eBay"), Amazon.com, Inc.

("Amazon"), Wish US Holdings LLC ("Wish.com"), Walmart Inc. ("Walmart") only provided limited revenue figures for a single product having a unique product identification number.

7. In my experience, online marketplace platforms do not provide comprehensive sales information because it would be unduly burdensome on them to search all of defendants' listings for potential infringing sales. In my experience, the information the marketplace platforms do provide is limited to the specific counterfeit product listing identified by Plaintiff for each Defaulting Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 13th day of February 2024 at Chicago, Illinois.

/s/ Justin R. Gaudio
Justin R. Gaudio
*Counsel for Plaintiff Crye Precision LLC*